# In the United States Court of Federal Claims

No. 09-33306
(Filed: June 13, 2023)[1]

**NOT FOR PUBLICATION**

```
***************************************
STANLEY M. ANDERSON, et al.,            *
                                        *
            Plaintiffs,                 *        RCFC 12(b)(1); Lack of Subject-
                                        *        Matter Jurisdiction; Federal Insurance
      v.                                *        Contributions Act ("FICA"); Tax
                                        *        Refund Claim; Statute of Limitations;
THE UNITED STATES,                      *        I.R.C. § 6511; Pro Se.
                                        *
            Defendant.                  *
***************************************
```

*Stanley M. Anderson*, Penngrove, CA; *Paul L. Bailey*, Franktown, CO; *Ronald L. Blash*, Lake Oswgo, OR; *Jon R. Boston*, Las Vegas, NV; *Donald R. Cobb*, Woodinville WA; *Denis A. Darida*, Grayslake, IL; *John H. Davis*, Evergreen, CO; *Victor C. DeCoudreaux*, Oakland, CA; *Kevin L. Dillon*, Fairfax, VA; *David A. Dyer*, Boulder City, NV; *William T. Eads*, Mesquite, NV; *Wesley P. Fetzer*, Fort Meyers, FL; *Robert W. Hahn*, Satellite Beach, FL; *Larry R. Henderson*, Danville, CA; *Stephen F. Jakubowski*, Grasonville, MD; *Leslie A. Kero*, Rockton, IL; *Robert E. Langevin*, Palm City, FL; *David L. Leippe*, Cameron Park, CA; *James B. Morehead*, Pompano Beach, FL; *Russell E. Mullen*, Rehoboth Beach, DE; *Kenneth N. Page*, Montgomery, TX; *Dennis E. Rayfield*, Charlotte, NC; *Diana L. Raymond (on behalf of George G. Raymond)*, Scottsdale, AZ; *Maury Rosenberg*, Huntington, CA; *Dominick Ruscitti*, Rockford, IL; *Donald J. Schiltz*, El Dorado, CA; *Richard Q. Slinn*, Bellingham, WA*; James A. Sorensen*, Ann, TX; *John H. Stark, Jr.*, Tarpon Spring, FL; and *John W. Trager, Jr.*, Bradenton, FL, each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

### MEMORANDUM OPINION AND ORDER[2]

**DIETZ, Judge.**

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-333.

[2] This Memorandum Opinion and Order is nearly identical to the Memorandum Opinion and Order issued by the Court on December 28, 2022, in *Biestek v. United States*, 09-33301 and the Memorandum Opinion and Order issued by the Court on April 24, 2023, in *DiCicco, et al. v. United States*, 09-33303. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022); *DiCicco, et al. v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023). It has been modified to reflect the individual retirement years and circumstances of the 2003 Plaintiffs.

Thirty United Airlines pilots who retired in 2003 (collectively, the "2003 Plaintiffs")—each proceeding *pro se*—seek refunds of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their retirements based on the estimated value of their non-qualified deferred compensation benefits.[3] Before the Court is the government's motion to dismiss the individual complaints of the 2003 Plaintiffs for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that each of the 2003 Plaintiffs failed to timely file their tax refund claims with the Internal Revenue Service ("IRS") as required by section 6511 of the Internal Revenue Code ("I.R.C."), the Court lacks jurisdiction to hear their complaints. Accordingly, the government's motion to dismiss is **GRANTED**.

## I. BACKGROUND

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives wages, wages under a nonqualified deferred compensation plan—the type of plan at issue in this case—are subject to a "special timing rule[.]" *See* I.R.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a non-qualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. I.R.C. § 3121(v)(2)(a)(ii). Furthermore, for a nonaccount balance plan—the type of nonqualified deferred compensation plan held by each of the 2003 Plaintiffs—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopmann v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

Each of the 2003 Plaintiffs is a former United Airlines pilot who retired in 2003 with a non-qualified deferred compensation plan. *See* More Definite Statement for Stanley M. Anderson, Jr. [ECF 14-1] at 4-5;[4] More Definite Statement for Paul L. Bailey [ECF 12-1] at 12;

---

[3] The 2003 Plaintiffs are: Stanley M. Anderson; Paul L. Bailey; Ronald L. Blash; Jon R. Boston; Donald R. Cobb; Denis A. Darida; John H. Davis; Victor C. DeCoudreaux; Kevin L. Dillon; David A. Dyer; William T. Eads; Wesley P. Fetzer; Robert W. Hahn; Larry R. Henderson; Stephen F. Jakubowski; Leslie A. Kero; Robert E. Langevin; David L. Leippe; James B. Morehead; Russell E. Mullen; Kenneth N. Page; Dennis E. Rayfield; Diana L. Raymond (on behalf of George G. Raymond); Maury Rosenberg; Dominick Ruscitti; Donald J. Schiltz; Richard Q. Slinn; James A. Sorensen; John H. Stark, Jr.; and John W. Trager, Jr.

[4] All page numbers in the parties' filings refer to the page number generated by the CM/ECF system.

Ronald L. Blash Short Form Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 486] at 10; More Definite Statement for Jon R. Boston [ECF 13-1] at 2; More Definite Statement for Donald R. Cobb [ECF 30-1] at 1; More Definite Statement for Denis A. Darida [ECF 15-1] at 2; More Definite Statement for John H. Davis [ECF 31-1] at 9; More Definite Statement for Victor C. DeCoudreaux [ECF 28-1] at 2; More Definite Statement for Kevin L. Dillon [ECF 32-1] at 1; More Definite Statement for David A. Dyer [ECF 17-1] at 2; More Definite Statement for William T. Eads [ECF 39-1] at 5; More Definite Statement for Wesley P. Fetzer [ECF 18-1] at 2; More Definite Statement for Robert W. Hahn [ECF 19-1] at 1; More Definite Statement for Larry R. Henderson, [ECF 20-1] at 12; More Definite Statement for Stephen F. Jakubowski [ECF 21-1] at 1; More Definite Statement for Leslie E. Kero [ECF 22-1] at 7; More Definite Statement for Robert E. Langevin [ECF 33-1] at 1; More Definite Statement for David L. Leippe [ECF 23-1] at 2; More Definite Statement for James B. Morehead [ECF 3-1] at 8; More Definite Statement for Russell E. Mullen [ECF 40-1] at 3; More Definite Statement for Kenneth N. Page [ECF 4-1] at 2; Suppl. to Dennis E. Rayfield Short Form Compl. [ECF 6] at 2; George Raymond Short Form Compl. *Koopmann*, No. 09-333 [ECF 482] at 2; More Definite Statement for Maury Rosenberg {ECF 36-1] at 5; Dominick Ruscitti Short Form Compl., *Koopmann*, No. 09-333 [ECF 437] at 4; Suppl. to Donald J. Sciltz Short Form Compl. [ECF 7] at 4; More Definite Statement for Richard Q. Slinn [ECF 37-2] at 2; More Definite Statement for James A. Sorensen [ECF 25-1] at 2; More Definite Statement for John H. Stark, Jr. [ECF 26-1] at 1, 2, 10; More Definite Statement for John W. Traeger, Jr. [ECF 38-1] at 7.

     Pursuant to the special timing rule, United Airlines paid the FICA taxes on behalf of each of the 2003 Plaintiffs at the time of their respective retirements in 2003. *See* [ECF 14-1] at 5 (Anderson); [ECF 12-1] at 8 (Bailey); *Koopmann*, No. 09-333 [ECF 486] at 4 (Blash); [ECF 13-1] at 3 (Boston); *Koopmann*, No. 09-333 [ECF 496] at 7-8 (Cobb)[5]; [ECF 15-1] at 5 (Darida); [ECF 31-1] at 6, 10 (Davis); [ECF 28-1] at 4 (DeCourdreaux); [ECF 32-1] at 3 (Dillon); [ECF 17-1] at 2 (Dyer); [ECF 39-1] at 8 (Eads); [ECF 18-1] at 4 (Fetzer); [ECF 19-1] at 3 (Hahn); [ECF 20-1] at 7 (Henderson); [ECF 21-1] at 3 (Jakubowski); [ECF 22-1] at 7 (Kero); Robery E. Langevin Short Form Compl., *Sofman, et al. v. United States*, No. 10-157 [ECF 249] at 2; [ECF 23-1] at 2 (Leippe); [ECF 3-1] at 11 (Morehead); [ECF 40-1] at 2 (Mullen); [ECF 4-1] at 4 (Page); [ECF 6] at 4 (Rayfield); *Koopmann*, No. 09-333 [ECF 482] at 2 (Raymond); [ECF 36-1] at 7 (Rosenberg); *Koopmann*, No. 09-333 [ECF 437] at 4 (Ruscitti); [ECF 7] at 5 (Schiltz); [ECF 37-1] at 4 (Slinn); [ECF 25-1] at 3 (Sorensen); [ECF 26-1] at 2 (Stark); [ECF 38-1] at 6 (Traeger).

     However, United Airlines subsequently filed for bankruptcy, and the 2003 Plaintiffs did not receive the full amount of their respective benefits that they expected to receive under their non-qualified deferred compensation plans.[6] [ECF 14-1] at 4 (Anderson); [ECF 12-1] at 1 (Bailey); *Koopmann*, No. 09-333 [ECF 486] at 10 (Blash); [ECF 13-1] at 2 (Boston); *Koopmann*, No. 09-333 [ECF 496] at 8 (Cobb); [ECF 15-1] at 4 (Darida) [ECF 31-1] at 6 (Davis); [ECF 28-

---

[5] While this citation does not explicitly state that United Airlines paid the FICA taxes on behalf of Mr. Cobb, it demonstrates that Mr. Cobb is seeking a refund of FICA taxes withheld by United Airlines for payment to the IRS.

[6] The United States Court of Appeals for the Seventh Circuit approved United Airlines reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

1] at 14 (DeCourdreaux); [ECF 32-1] at 6 (Dillon); [ECF 17-1] at 2 (Dyer); [ECF 39-1] at 5 (Eads); [ECF 18-1] at 20 (Fetzer); [ECF 19-1] at 2 (Hahn); [ECF 20-1] at 2 (Henderson); [ECF 21-1] at 4 (Jakubowski); [ECF 22-1] at 7 (Kero); *Sofman*, No. 10-157 [ECF 257] at 2, [ECF 33-1] at 1 (Langevin)[7]; [ECF 23-1] at 2 (Leippe); [ECF 3-1] at 8-9 (Morehead); [ECF 40-1] at 4 (Mullen); [ECF 4-1] at 3 (Page); [ECF 6] at 3 (Rayfield); *Koopmann*, No. 09-333 [ECF 482] at 2; More Definite Statement for Diana Raymond [ECF 35-1] at 3; [ECF 36-1] at 5 (Rosenberg); *Koopmann*, No. 09-333 [ECF 437] at 4 (Ruscitti); [ECF 7] at 11 (Schiltz); [ECF 37-1] at 3 (Slinn); [ECF 25-1] at 2 (Sorensen); [ECF 26-1] at 8 (Stark); [ECF 38-1] at 8 (Traeger).

Following the bankruptcy, United Airlines decided not to seek a refund of the FICA taxes paid on the respective deferred benefits of the 2003 Plaintiffs and advised them to file an individual refund claim with the IRS if they believed that they were entitled to a refund. *See* [ECF 14-1] at 10 (Anderson); [ECF 12-1] at 14 (Bailey); *Koopmann*, No. 09-333 [ECF 486] at 11 (Blash); [ECF 13-1] at 8 (Boston); [ECF 15-1] at 2 (Darida); [ECF 28-1] at 6 (DeCourdreaux); [ECF 32-1] at 4 (Dillon); ECF 17-1] at 10 (Dyer); [ECF 39-1] at 9 (Eads); [ECF 18-1] at 19 (Fetzer); [ECF 19-1] at 5 (Hahn); [ECF 20-1] at 13 (Henderson); [ECF 21-1] at 2 (Jakubowski); [ECF 22-1] at 6 (Kero); [ECF 23-1] at 3 (Leippe); [ECF 3-1] at 12 (Morehead); [ECF 40-1] at 3 (Mullen); [ECF 4-1] at 5 (Page); [ECF 6] at 6 (Rayfield); *Koopmann*, No. 09-333 [ECF 482] at 2 (Raymond); [ECF 36-1] at 11 (Rosenberg); *Koopmann*, No. 09-333 [ECF 437] at 4 (Ruscitti); [ECF 7] at 19 (Schiltz); [ECF 25-1] at 4 (Sorensen); [ECF 38-1] at 6 (Traeger).[8] Each of the 2003 Plaintiffs proceeded to file an individual refund claim with the IRS, the details of which are provided below:

- Stanley M. Anderson, Jr. retired from United Airlines in 2003. *See* [ECF 14-1] at 4-5.[9] At the time of his retirement, Mr. Anderson's non-qualified deferred compensation benefits were estimated to be valued at $896,172.97 with a FICA tax assessment of $15,058.93. *Id.* at 5. Due to the United Airlines bankruptcy, Mr. Anderson received only $293,191.86 in benefits. *Id.* at 4. Mr. Anderson filed a refund claim of $10,807 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 5, 2007, and stamped received by the IRS on January 23, 2008. *Id.* at 1.

---

[7] While this citation does not explicitly state that Mr. Langevin did not receive the full amount of his benefits due to the United Airlines bankruptcy, it demonstrates that Mr. Langevin filed a Form 843 seeking a refund of FICA taxes withheld by United Airlines.

[8] These citations demonstrate that each of the 2003 Plaintiffs either received a letter from United Airlines stating that United Airlines would not seek a refund of FICA taxes on their behalf and that they should file a claim with the IRS if they believed that they were entitled to a refund or unsuccessfully attempted to obtain a refund through United Airlines. However, the information submitted by Mr. Cobb, Mr. Davis, Mr. Langevin, Mr. Slinn, and Mr. Stark does not contain a letter from United Airlines or otherwise demonstrate that they unsuccessfully attempted to obtain a refund through United Airlines. *See generally* [ECF 30-1] (Cobb); [ECF 31-1] (Davis); [ECF 33-1] (Langevin); [ECF 37] (Slinn); [ECF 26-1] (Stark). This missing information is not necessary for the Court to determine whether it has jurisdiction over their respective complaints.

[9] In its motion to dismiss, the government states that Mr. Anderson retired in 2003. [ECF 43] at 7. However, the documents provided by Mr. Anderson suggest that the effective date of his separation was in 2002. [ECF 14-1] at 19. Mr. Anderson does not dispute the retirement year applied by the government. Despite this discrepancy, the Court will draw all reasonable inferences in favor of Mr. Anderson and treat Mr. Anderson to have retired in 2003.

- Paul L. Bailey retired from United Airlines on March 1, 2003. *See* [ECF 12-1] at 12. At the time of his retirement, Mr. Bailey's non-qualified deferred compensation benefits were estimated to be valued at $631,674.29 with a FICA tax assessment of $9,260.96. *Id.* at 8. Due to the United Airlines bankruptcy, Mr. Bailey received only $118,483.00 in benefits. *See id.* at 1. Mr. Bailey filed a refund claim of $7,456 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked April 18, 2007. *Id.* at 1, 15.

- Ronald L. Blash retired from United Airlines on January 1, 2003. *See Koopmann*, No. 09-333 [ECF 486] at 10. At the time of his retirement, Mr. Blash's non-qualified deferred compensation benefits were estimated to be valued at $770,082.05 with a FICA tax assessment of $11,166.19. *Id.* at 4. Due to the United Airlines bankruptcy, Mr. Blash did not receive all his benefits. *See id.* at 10. Mr. Blash filed a refund claim of $7,844.38 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 2, 2007. *Id.* at 2

- Jon R. Boston retired from United Airlines in 2003. *See* [ECF 13-1] at 2. At the time of his retirement, Mr. Boston's non-qualified deferred compensation benefits were estimated to be valued at $366,925.27 with a FICA tax assessment of $10,714.42. *Id.* at 3. Due to the United Airlines bankruptcy, Mr. Boston received only $68,381.35 in benefits. *Id.* at 2. Mr. Boston filed a refund claim of $5,483.25 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 30, 2007, and stamped received by the IRS on December 4, 2007. *Id.* at 1.

- Donald R. Cobb retired from United Airlines on July 1, 2003. *See* [ECF 30-1] at 1. Due to the United Airlines bankruptcy, Mr. Cobb did not receive all his benefits. *Koopmann*, No. 09-333 [ECF 496] at 8. Mr. Cobb filed a refund claim of $8,592.51 with the IRS for the HI portion of the FICA tax, and the refund claim was dated June 16, 2009. *Id.* at 4.

- Denis A. Darida retired from United Airlines on March 1, 2003. *See* [ECF 15-1] at 2. At the time of his retirement, Mr. Darida's non-qualified deferred compensation benefits were estimated to be valued at $888,250.28 with a FICA tax assessment of $12,879.63. *Id.* at 5. Due to the United Airlines bankruptcy, Mr. Darida received only $277,266.90 in benefits. *Id.* at 4. On December 10, 2008, Mr. Darida filed a refund claim of $8,859.28 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked December 17, 2008. *Id.* at 1, 9.

- John H. Davis retired from United Airlines on March 1, 2003. *See* [ECF 31-1] at 9. At the time of his retirement, Mr. Davis' non-qualified deferred compensation benefits were estimated to be valued at $1,005,213.65 with a FICA tax assessment of $14,575.60. *Id.* at 6. Due to the United Airlines bankruptcy, Mr. Davis received only $251,603.95 in benefits. *Id.* Mr. Davis purportedly filed a refund claim of

- $8,320 with the IRS for the HI portion of the FICA tax on January 3, 2008. *Id*. at 9.

- Victor C. DeCoudreaux retired from United Airlines on February 1, 2003. *See* [ECF 28-1] at 2. At the time of his retirement, Mr. DeCoudreaux's non-qualified deferred compensation benefits were estimated to be valued at $563,574.80 with a FICA tax assessment of $11,130.71. *Id*. at 4. Due to the United Airlines bankruptcy, Mr. DeCoudreaux received only $173,538,27 in benefits. *Id*. at 14. Mr. DeCoudreaux filed a refund claim with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked October 16, 2007. *Id*. at 15-16. Mr. DeCoudreax then filed an updated refund claim for $5,664.00 for the HI portion of the FICA tax, and the updated refund claim was postmarked December 4, 2007. *Id.* at 1, 16-17.

- Kevin L. Dillon retired from United Airlines on January 1, 2003. *See* [ECF 32-1] at 1. At the time of his retirement, Mr. Dillon's non-qualified deferred compensation benefits were estimated to be valued at $683,479.91 with a FICA tax assessment of $9,910.46. *Id*. at 6. Due to the United Airlines bankruptcy, Mr. Dillon received only $160,866.75 in benefits. *Id*. Mr. Dillon purportedly filed a refund claim of $7,577.89 with the IRS for the HI portion of the FICA tax in February 2008. *Id*. at 1, 6.

- David A. Dyer retired from United Airlines in 2003. *See* [ECF 17-1] at 2, 3. At the time of his retirement, Mr. Dyer's non-qualified deferred compensation benefits were estimated to be valued at $971,468.47. *Id*. at 2. Due to the United Airlines bankruptcy, Mr. Dyer received only $255,918.39 in benefits. *Id*. Mr. Dyer filed a refund claim of $10,329 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 19, 2007, and stamped received by the IRS on November 23, 2007. *Id*. at 1.

- William T. Eads retired from United Airlines on March 1, 2003. *See* [ECF 39-1] at 2, 5. At the time of his retirement, Mr. Eads' non-qualified deferred compensation benefits were estimated to be valued at $296,938.33 with a FICA tax assessment of $9,685.11. *Id*. at 8. Due to the United Airlines bankruptcy, Mr. Eads received only $58,705.32 in benefits. *Id*. at 5. Mr. Eads filed a refund claim of $5,194.15 with the IRS for the HI portion of the FICA tax, and the refund claim was dated April 3, 2009. *Id*. at 6.

- Wesley P. Fetzer retired from United Airlines on March 21, 2003. *See* [ECF 18-1] at 2. At the time of his retirement, Fetzer's non-qualified deferred compensation benefits were estimated to be valued at $678,151.85 with a FICA tax assessment of $10,540.06. *Id*. at 4. Due to the United Airlines bankruptcy, Mr. Fetzer received only $171,563.22 in benefits. *Id*. at 20. Mr. Fetzer filed a refund claim of $8,052.39 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked December 13, 2007. *Id*. at 1, 21.

- Robert W. Hahn retired from United Airlines in February of 2003. *See* [ECF 19-1] at 1. At the time of his retirement, Mr. Hahn's non-qualified deferred compensation benefits were estimated to be valued at $647,812.63 with a FICA tax assessment of $9,393.28. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Hahn received only $129,210.26 in benefits. *Id*. at 2. Mr. Hahn filed a refund claim of $7,519.73 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked May 8, 2007. *Id*. at 1, 13.

- Larry R. Henderson retired from United Airlines on January 1, 2003. *See* [ECF 20-1] at 12. At the time of his retirement, Mr. Henderson's non-qualified deferred compensation benefits were estimated to be valued at $942,958.55 with a FICA tax assessment of $13,672.90. *Id*. at 7. Due to the United Airlines bankruptcy, Mr. Henderson received only $269,666.21 in benefits. *See id*. at 2. Mr. Henderson filed a refund claim of $9,762.74 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked June 25, 2007. *Id*. at 1, 14.

- Stephen F. Jakubowski retired from United Airlines on March 1, 2003. *See* [ECF 21-1] at 1. At the time of his retirement, Mr. Jakubowski's non-qualified deferred compensation benefits were estimated to be valued at $746,951.98 with a FICA tax assessment of $10,830.80. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Jakubowski received only $216,669.44 in benefits. *See id*. at 4. Mr. Jakubowski filed a refund claim of $7,689.10 with the IRS for the HI portion of the FICA tax, and the refund claim was dated October 11, 2007, and stamped received by the IRS on October 17, 2007. *Id*. at 1.

- Leslie E. Kero retired from United Airlines in 2003. *See* [ECF 22-1] at 7. At the time of his retirement, Mr. Kero's non-qualified deferred compensation benefits were estimated to be valued at $838,059.29 with a FICA tax assessment of $12,151.86. *Id*. Due to the United Airlines bankruptcy, Mr. Kero received only $286,716.93 in benefits. *Id*. Mr. Kero filed a refund claim of $7,994.47 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 13, 2007, and stamped received by the IRS on November 19, 2007. *Id*. at 3.

- Robert E. Langevin retired from United Airlines on March 31, 2003. *See* [ECF 33-1] at 1. Due to the United Airlines' bankruptcy, Mr. Langevin did not receive all his benefits. *See Sofman*, No. 10-157 [ECF 257] at 2; [ECF 33-1] at 1. Mr. Langevin purported filed a refund claim of $9,413.16 with the IRS for the HI portion of the FICA tax on October 26, 2009. *See* [ECF 33-1] at 1.

- David L. Leippe retired from United Airlines on June 20, 2003. *See* [ECF 23-1] at 2. At the time of his retirement, Mr. Leippe's non-qualified deferred compensation benefits were estimated to be valued at $181,082.53 with a FICA tax assessment of $2,625.70. *Id*. Due to the United Airlines bankruptcy, Mr. Leippe received only $50,250.29 in benefits. *Id*. Mr. Leippe filed a refund claim of $1,897.07 with the IRS for the HI portion of the FICA tax, and the refund

claim was dated May 1, 2009, and stamped received by the IRS on May 16, 2009. *Id.* at 1.

- James B. Morehead retired from United Airlines on March 1, 2003. *See* [ECF 3-1] at 8. At the time of his retirement, Morehead's non-qualified deferred compensation benefits were estimated to be valued at $848,235.51 with a FICA tax assessment of $12,299.41. *Id.* at 11. Due to the United Airlines bankruptcy, Mr. Morehead received only $222,569.11 in benefits. *See id.* at 9. Mr. Morehead filed a refund claim of $9,072.16 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 19, 2007, and stamped received by the IRS on January 23, 2008. *Id.* at 1, 8-9.

- Russell E. Mullen retired from United Airlines on October 30, 2003. *See* [ECF 40-1] at 3. At the time of his retirement, Mr. Mullen's non-qualified deferred compensation benefits were estimated to be valued at $494,624.16 with a FICA tax assessment of $7,172.05. *Id.* at 2. Due to the United Airlines bankruptcy, Mr. Mullen received only $121,668.67 in benefits. *See id.* at 4. Mr. Mullen filed a refund claim of $5,407.85 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked April 13, 2009. *Id.* at 1, 6.

- Kenneth N. Page retired from United Airlines on March 1, 2003. *See* [ECF 4-1] at 2. At the time of his retirement, Mr. Page's non-qualified deferred compensation benefits were estimated to be valued at $787,954.99 with a FICA tax assessment of $11,463.71. *Id.* at 4. Due to the United Airlines bankruptcy, Mr. Page received only $224,934.58 in benefits. *Id.* at 3. Mr. Page filed a refund claim of $8,202.16 with the IRS for the HI portion of the FICA tax, and the refund claim was dated December 26, 2007, and stamped received by the IRS on December 31, 2007. *Id.* at 1.

- Dennis E. Rayfield retired from United Airlines on March 1, 2003. *See* [ECF 6] at 2. At the time of his retirement, Rayfield's non-qualified deferred compensation benefits were estimated to be valued at $732,023.53 with a FICA tax assessment of $10,614.34. *Id.* at 4. Due to the United Airlines bankruptcy, Mr. Rayfield received only $215,859.40 in benefits. *See id.* at 3. Mr. Rayfield filed a refund claim of $7,484.38 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 4, 2007. *Id.* at 1.

- George G. Raymond retired from United Airlines on April 30, 2003. *See Koopmann*, No. 09-333 [ECF 482] at 2. At the time of his retirement, Mr. Raymond's non-qualified had a FICA tax assessment of $15,913.38. *Id.* Due to the United Airlines bankruptcy, Mr. Raymond did not receive all his benefits. [ECF 35-1] at 3. Mr. Raymond filed a refund claim of $11,113.33 with the IRS for the HI portion of the FICA tax, and the refund claim was received by the IRS on November 26, 2007. [ECF 35-2] *Id.* at 2.

- Maury Rosenberg retired from United Airlines on November 1, 2003. *See* [ECF 36-1] at 5. At the time of his retirement, Mr. Rosenberg's non-qualified deferred compensation benefits were estimated to be valued at $225,956.86 with a FICA tax assessment of $3,276.50. *Id*. at 7. Due to the United Airlines bankruptcy, Mr. Rosenberg received only $29,054.06 in benefits. *Id*. at 5. Mr. Rosenberg filed a refund claim of $2,855.22 with the IRS for the HI portion of the FICA tax, and the refund claim was dated April 19, 2007. *Id*. Mr. Rosenberg also filed an amended refund claim of $3,407.30 dated October 16, 2007. *Id.* at 6.

- Dominick Ruscitti retired from United Airlines on April 1, 2003. *See Koopmann*, No. 09-333 [ECF 437] at 4. At the time of his retirement, Mr. Ruscitti's non-qualified deferred compensation benefits were estimated to be valued at $1,009,280.62 with a FICA tax assessment of $14,634.57. *Id*. Due to the United Airlines bankruptcy, Mr. Ruscitti received only $309,775.61 in benefits. *Id*. Mr. Ruscitti filed a refund claim of $10,142.82 with the IRS for the HI portion of the FICA tax on December 10, 2007. *Id*. at 5. Mr. Ruscitti also filed another refund claim for the same amount dated August 15, 2009. *Id.* at 3.

- Donald J. Schiltz retired from United Airlines on February 28, 2003. *See* [ECF 7] at 4. At the time of his retirement, Mr. Schiltz's non-qualified deferred compensation benefits were estimated to be valued at $890,790.47 with a FICA tax assessment of $12,932.25. *Id*. at 5. Due to the United Airlines bankruptcy, Mr. Schiltz received only $264,393.84 in benefits. *Id*. at 11. Mr. Schiltz filed a refund claim of $9,098.54 with the IRS for the HI portion of the FICA tax, and the refund claim was dated June 1, 2007. *Id*. at 3. Mr. Schiltz also filed an additional tax refund claim of $11,767.64 dated November 6, 2007. *Id*. at 22.

- Richard Q. Slinn retired from United Airlines on January 31, 2003. *See* [ECF 37-2] at 2. At the time of his retirement, Mr. Slinn's non-qualified deferred compensation benefits were estimated to be valued at $870,138.23 with a FICA tax assessment of $12,740.09. [ECF 37-1] at 4. Due to the United Airlines bankruptcy, Mr. Slinn received only $266,395.57 in benefits. *Id*. at 3. Mr. Slinn filed a refund claim of $8,877.36 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked April 23, 2009. *Id*. at 2, 10.

- James A. Sorensen retired from United Airlines on March 1, 2003. *See* [ECF 25-1] at 2. At the time of his retirement, Mr. Sorensen's non-qualified deferred compensation benefits were estimated to be valued at $644,5265.47 with a FICA tax assessment of $9,345.63. *Id*. at 3. Due to the United Airlines bankruptcy, Mr. Sorensen received only $106,157.64 in benefits. *Id*. at 2. Mr. Sorensen filed a refund claim of $7,806.34 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked December 18, 2007. *Id*. at 1.

- John H. Stark, Jr. retired from United Airlines in 2003. *See* [ECF 26-1] at 1, 2, 10. At the time of his retirement, Mr. Stark's non-qualified deferred compensation benefits were estimated to be valued at $715,370.92 with a FICA tax assessment

- of $10,372.88. *Id*. at 2. Due to the United Airlines bankruptcy, Mr. Stark received only $210,934.33 in benefits. *Id*. at 10. Mr. Stark filed a refund claim of $7,314.33 with the IRS for the HI portion of the FICA tax, and the refund claim was postmarked April 24, 2008. *Id*. at 1, 11.

- John W. Traeger, Jr. retired from United Airlines on March 1, 2003. *See* [ECF 38-1] at 7. At the time of his retirement, Mr. Traeger's non-qualified deferred compensation benefits were estimated to be valued at $679,478.73 with a FICA tax assessment of $9,852.44. *Id*. at 6. Due to the United Airlines bankruptcy, Mr. Traeger received only $219,327.30 in benefits. *Id*. at 8. Mr. Traeger filed a refund claim of $6,672.20 with the IRS for the HI portion of the FICA tax, and the refund claim was dated November 30, 2007. *Id*. at 5.

The 2003 Plaintiffs are among a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, proceeding *pro se*, filed a case in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his non-qualified deferred compensation benefits.[10] *See* Compl., *Koopmann*, No. 09-333 [ECF 1]. Thereafter, on March 12, 2010, Peter Sofman, another retired United Airlines pilot, filed a separate *pro se* case seeking a FICA tax refund. *See* Compl., *Sofman*, No. 10-157 [ECF 1].

Mr. Koopmann and Mr. Sofman collectively sought to include over 160 other retired United Airlines pilots as plaintiffs in their respective cases, including the 2003 Plaintiffs. *See Koopmann*, No. 09-333 [ECF 1] at 1-2; *Sofman*, No. 10-157 [ECF 1] at 1. The Court allowed each retired pilot, including the 2003 Plaintiffs, to join the *Koopmann* and *Sofman* cases as individual *pro se* plaintiffs. *See* May 26, 2010 Order, *Koopmann*, No. 09-333 [ECF 62]; May 26, 2010 Order, *Sofman*, No. 10-157 [ECF 77]. The Court eventually consolidated the *Koopmann* and *Sofman* cases under *Koopmann*. *See* Jul. 23, 2021 Order, *Koopmann*, No. 09-333 [ECF 565] at 3; Jul. 23, 2021 Order *Sofman,* 10-157 [ECF 265] at 3.

In an opinion issued on September 30, 2020, this Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022).[11]

Despite the dismissal of Mr. Koopmann's complaint, many of the other retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their

---

[10] This case was reassigned to the undersigned on January 12, 2021. *See* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

[11] This Court also dismissed another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann. *See Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020). Mr. Brashear's dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint. *See* Jan. 12, 2021 Order, *Koopmann*, No. 09-333 [ECF 391] at 12-13; Jan. 12, 2021 Order, *Sofman*, No. 10-157 [ECF 232] at 12-13. Each of the 2003 Plaintiffs filed a short form complaint.[12] *See* Anderson Short Form Compl., *Koopmann* No. 09-333 [ECF 521]; Bailey Short Form Compl., *Koopmann* No. 09-333 [ECF 547]; *Koopmann* No. 09-333 [ECF 486] (Blash); Boston Short Form Compl., *Koopmann* No. 09-333 [ECF 487]; Cobb Short Form Compl., *Koopmann* No. 09-333 [ECF 496]; Darida Short Form Compl., *Koopmann* No. 09-333 [ECF 453]; Davis Short Form Compl., *Sofman*, No, 10-157 [ECF 253]: DeCoudreaux Short Form Compl., *Koopmann*, No. 09-333 [ECF 553]; Dillon Short Form Compl., *Koopmann* No. 09-333 [ECF 510]; Dyer Short Form Compl., *Koopmann* No. 09-333 [ECF 461]; Eads Short Form Compl., *Koopmann* No. 09-333 [ECF 471]; Fetzer Short Form Compl., *Koopmann* No. 09-333 [ECF 431];[13] Hahn Short Form Compl., *Koopmann* No. 09-333 [ECF 434]; Henderson Short Form Compl., *Koopmann* No. 09-333 [ECF 519]; Jakubowski Short Form Compl., *Koopmann* No. 09-333 [ECF 444]; Kero Short Form Compl., *Koopmann* No. 09-333 [ECF 523]; Langevin Short Form Compl., *Sofman*, No. 10-157 [ECF 249];[14] Leippe Short Form Compl., *Koopmann* No. 09-333 [ECF 455]; Mullen Short Form Compl., *Koopmann* No. 09-333 [ECF 438]; Rayfield Short Form Compl., *Koopmann* No. 09-333 [ECF 468]; *Koopmann*, No. 09-333 [ECF 482] (Raymond); Rosenberg Short Form Compl., *Koopmann* No. 09-333 [ECF 460]; *Koopmann*, No. 09-333 [ECF 437] (Ruscitti); Schiltz Short Form Compl., *Koopmann* No. 09-333 [ECF 498]; Slinn Short Form Compl., *Koopmann* No. 09-333 [ECF 454]; Sorensen Short Form Compl., *Koopmann* No. 09-333 [ECF 520]; Stark Short Form Compl., *Koopmann* No. 09-333 [ECF 483]; Traeger Short Form Compl., *Koopmann* No. 09-333 [ECF 507].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement year and to sever each group into a separate case. *See Koopmann,* No. 09-333 [ECF 565]; *Sofman*, No. 10-157 [ECF 265]. As plaintiffs who appeared to have retired in 2003, Plaintiffs Anderson, Bailey, Blash, Boston, Darida, DeCoudreaux, Dyer, Fetzer, Hahn, Henderson, Jakubowski, Kero, Leippe, Mullen, Ruscitti, Slinn, Sorensen, and Stark were assigned to the instant case. *See id*. at 4. The Court transferred the complaints of Plaintiffs Cobb, Dillon, Davis, Eads, Langevin, Morehead, Page, Raymond, and Traeger to this case after the government discovered the necessary information relating to their respective complaints. *See* Jan. 4, 2022 Order, *Barnes, et al. v. United States*, No. 09-33308 [ECF 11]; June 13, 2022 Order, *Barnes*, No. 09-33308 [ECF 23]; Aug 18, 2022 Order, *Barnes*, No. 09-33308 [ECF 26]. On October 19, 2022, the government moved to dismiss the complaints of the 2003 Plaintiffs for

---

[12] The Court rejected Mr. Morehead's short form complaint as untimely, *see* April 30, 2021 Order, *Koopmann*, No. 09-333 [ECF 557] at 1, and Mr. Page failed to file a short form complaint. Nevertheless, the Court allowed them to remain in the litigation after they filed responses to the government's motion to dismiss, and the Court ordered the government to supplement their information with available information from the IRS to satisfy the RCFC 9(m) requirements. *Connie L. Adams, et al. v. United States*, No. 09-33309 [ECF 4] at 5.

[13] Mr. Fetzer also filed a corrected short form complaint. *See* Corrected Fetzer Short Form Compl., *Koopmann* No. 09-333 [ECF 436].

[14] Mr. Langevin also filed a supplement to his short form complaint. *See* Supp. to Langevin Short Form Compl., *Sofman*, No. 10-157 [ECF 257].

lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss [ECF 43]. The 2003 Plaintiffs each signed onto a combined response, which was filed on December 20, 2022. Pls.' Resp. [ECF 46]. The government filed its reply on January 17, 2023. Def.'s Reply [ECF 47]. The Court has reviewed the briefing and determined that oral argument is not necessary to reach a decision.

## II.     LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[W]here the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not [] take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants.").

## III.    DISCUSSION

The government asserts that this Court lacks jurisdiction over the complaints filed by the 2003 Plaintiffs because "the administrative claims filed by the 2003 *Anderson* [P]laintiffs were untimely, and their refund claims . . . are barred by I.R.C. § 6511." [ECF 43] at 4. This Court possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must *timely* file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a). Additionally, when

calculating the time limitations for a FICA tax refund claim, the following must be taken into consideration:

> (1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and
>
> (2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

I.R.C. § 6513(c). Failure to file a refund claim within the requisite period deprives this Court of jurisdiction to hear the case. *See Clintwood*, 553 U.S. at 4.

Following the individual retirements of the 2003 Plaintiffs, United Airlines paid the applicable FICA taxes on their respective non-qualified deferred compensation benefits.[15] According to IRS transcripts,[16] United Airlines filed its quarterly returns for the year 2003 on April 30, 2003, July 31, 2003, November 4, 2003, and February 11, 2004. *See* Def.'s Ex. A [ECF 43-1] at 3, 12, 19, 28. Because all the returns for the 2003 tax year were filed before April 15, 2004, these returns are considered filed as of April 15, 2004. *See* I.R.C. § 6513(c)(1). IRS transcripts also demonstrate that United Airlines made the applicable tax deposits by no later than June 15, 2004. *See* [ECF 53-1] at 32. Under these circumstances, the 2003 Plaintiffs were required by § 6511 to file their refund claims with the IRS by either April 16, 2007, or April 17, 2007[17]—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See* I.R.C. § 6511. The earliest date on which any of the 2003 Plaintiffs filed their individual tax refund claim was April 18,

---

[15] The relevant citations are provided in the Background section. *See supra* Section I.

[16] The 2003 Plaintiffs argue that the IRS transcripts provided by the government show only that United Airlines "filed FICA tax returns regularly," not that United Airlines filed a FICA tax return specifically on their behalf. *Biestek*, No. 09-33301 [ECF 9] at 3. The 2003 Plaintiffs also challenge that the Federal Circuit never decided whether the IRS transcripts for United Airlines "proved a date, or if, a specific FICA H.I. tax was paid to start a time statute, when no SSN, name of the employee, or amount correlated to an employee's tax was indicated anywhere in that record, and whether it could constitute evidence by assumption." [ECF 46] at 4. These arguments are meritless. The 2003 Plaintiffs never argue that United Airlines failed to report their wages on its quarterly tax returns or to make payment of the FICA taxes attributable to their wages. Furthermore, the documentation provided by the 2003 Plaintiffs shows that United Airlines paid the FICA taxes on their behalf at the time of their respective retirements as required by IRS regulations. *See supra* Section I.

[17] April 15, 2007 was a Sunday making refund request for most tax payers due on or before April 16, 2007. *See* 26 C.F.R. § 301.7503-1(a). Taxpayers in Maine, Maryland, Massachusetts, New Hampshire, New York, Vermont, and the District of Columbia, however, had until April 17, 2007, because of state holidays for Patriot Day and Emancipation Day. *See* 26 C.F.R. § 301.7503-1(b).

2007—the date Mr. Bailey filed his tax refund claim.[18] *See* [ECF 12-1] at 1, 15.[19] Because none of the 2003 Plaintiffs' tax refund claims were timely filed as required by § 6511, the Court lacks jurisdiction to consider any of their tax refund suits. The Court reaches this conclusion despite the 2003 Plaintiffs' arguments that the § 6511 time limitations do not bar their tax refund suits.

In their combined response to the government's motion to dismiss, the 2003 Plaintiffs adopt the same arguments raised by Mr. Biestek and the 2000 Plaintiffs in their responses to the government's motion to dismiss in their cases.[20] *See* [ECF 46] at 1 (stating that they "affirm[] the Biestek arguments, as well as the arguments in the previous joint responses for [the 1999 Plaintiffs, 2000 Plaintiffs, 2001 Plaintiffs, and 2002 Plaintiffs]."). The Court considered and rejected these arguments in *Biestek* and *DiCicco*. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022) at *4-5; *DiCicco, et al. v. United States*, 09-33303, 2023 WL 3064016 (Fed. Cl. Apr. 24, 2023) at *6-7. For the same reasons stated in *Biestek* and *DiCicco*, the Court rejects these arguments in this case.[21]

---

[18] Mr. Bailey is a Colorado taxpayer, *see* [ECF 12-1] at 1, making his deadline to file his refund claim April 16, 2007. Mr. Bailey's tax refund claim was dated April 17, 2007, and postmarked April 18, 2007. *See* [ECF 12-1] at 1. A tax refund claim is considered filed on the date that the refund claim is postmarked. *See* 26 U.S.C. § 7502(a); 26 C.F.R. § 301.6402–3(a); *Taha on behalf of his deceased brother v. United States*, 148 Fed. Cl. 37, 42-43 (2020).

[19] The other tax refund requests were filed on the following dates: April 19, 2007 [ECF 36-1] at 5 (Rosenberg); May 8, 2007, [ECF 19-1] at 1, 13 (Hahn); June 1, 2007, [ECF 7] at 3 (Schiltz); June 25, 2007, [ECF 20-1] at 1, 14 (Henderson); October 16, 2007, [ECF 28-1] at 15-16 (DeCourdreaux); October 17, 2007, [ECF 21-1] at 1 (Jakubowski); November 4, 2007, [ECF 6] at 1 (Rayfield); November 19, 2007, [ECF 22-1] at 3 (Kero); November 23, 2007, ECF 17-1] at 1 (Dyer); November 26, 2007 [ECF 35-2] at 2 (Raymond); November 30, 2007, [ECF 38-1] at 5 (Traeger); December 2, 2007, *Koopmann*, No. 09-333 [ECF 486] at 2 (Blash); December 4, 2007, [ECF 13-1] at 1 (Boston); December 10, 2007, *Koopmann*, No. 09-333 [ECF 437] at 1, 5 (Ruscitti); December 13, 2007, [ECF 18-1] at 1, 21 (Fetzer); December 18, 2007, [ECF 25-1] at 1, 9 (Sorensen); December 31, 2007, [ECF 4-1] at 1 (Page); January 3, 2008, [ECF 31-1] at 9 (Davis); January 23, 2008, [ECF 14-1] at 1 (Anderson); January 23, 2008, [ECF 3-1] at 1 (Morehead); February 2008, [ECF 32-1] at 1 (Dillon); April 24, 2008, [ECF 26-1] at 1, 11 (Stark); December 17, 2008, [ECF 15-1] at 1, 9 (Darida); April 3, 2009, [ECF 39-1] at 6 (Eads); April 13, 2009, [ECF 40-1] at 1, 6 (Mullen); April 23, 2009, [ECF 37-1] at 2, 10 (Slinn); May 16, 2009, [ECF 23-1] at 1 (Leippe); June 16, 2009, *Koopmann*, No. 09-333 [ECF 496] at 4 (Cobb); and October 26, 2009, [ECF 33-1] at 1 (Langevin).

[20] The 2003 Plaintiffs state that they adopt the arguments previously raised by five different groups of plaintiffs: Mr. Biestek, the 1999 Plaintiffs, the 2000 Plaintiffs, the 2001 Plaintiffs, and the 2002 Plaintiffs. [ECF 46] at 1. However, all of the arguments are captured in the responses to the government's motions to dismiss filed by Mr. Biestek and the 2000 Plaintiffs. The 1999 Plaintiffs adopted the same arguments as Mr. Biestek. *See* Pl.'s Response to Def.'s Mot. to Dismiss, *Henderson, et al. v. United States*, 09-33302 [ECF 11] at 1. The 2001 Plaintiffs and the 2002 Plaintiffs joined the response filed by the 2000 Plaintiffs. *Compare* Pl.'s Response to Def.'s Mot. to Dismiss, *DiCicco*, No. 09-33303 [ECF 14]; *with* Pl.'s Response to Def.'s Mot. to Dismiss, *Allen, et al. v. United States*, 09-33304 [ECF 24]; Pl.'s Response to Def.'s Mot. to Dismiss, *Adams, et al. v. United States*, 09-333-5 [ECF 54].

[21] In addition to adopting the arguments raised by Mr. Biestek and the 2000 Plaintiffs, the 2003 Plaintiffs raise several "additional arguments." [ECF 46] at 1. However, upon consideration, the Court views these arguments as substantively the same as those raised by the 2000 Plaintiffs. *Compare* [ECF 46] *with DiCicco*, No. 09-33303 [ECF ECF 14]. In essence, the arguments challenge the constitutionality of the IRS assessing and collecting FICA taxes on non-qualified deferred compensation prior to the compensation being received by the taxpayer and the application of the time limitations under § 6511 to FICA tax refund claims. For the same reasons stated in *DiCicco*, the Court rejects these arguments in this case. *DiCicco*, 2023 WL 3064016, at *6, *6 n.13.

**IV.    CONCLUSION**

For the reasons stated above, the government's motion to dismiss [ECF 43] is **GRANTED**. The complaints of Stanley M. Anderson, Paul L. Bailey, Ronald L. Blash, Jon R. Boston, Donald R. Cobb, Denis A. Darida, John H. Davis, Victor C. DeCoudreaux, Kevin L. Dillon, David A. Dyer, William T. Eads, Wesley P. Fetzer, Robert W. Hahn, Larry R. Henderson, Stephen F. Jakubowski, Leslie A. Kero, Robert E. Langevin, David L. Leippe, James B. Morehead, Russell E. Mullen, Kenneth N. Page, Dennis E. Rayfield, Diana L. Raymond (on behalf of George G. Raymond), Maury Rosenberg, Dominick Ruscitti, Donald J. Schiltz, Richard Q. Slinn, James A. Sorensen, John H. Stark, Jr., and John W. Trager, Jr. are **DISMISSED**. Pursuant to RCFC 54(b), there being no just reason for delay, the Clerk is **DIRECTED** to enter judgment against these plaintiffs.

**IT IS SO ORDERED.**

                                                  s/ Thompson M. Dietz
                                                  THOMPSON M. DIETZ, Judge