# In the United States Court of Federal Claims

No. 09-33306
(Filed: June 13, 2023)[1]

**NOT FOR PUBLICATION**

*****************************************
| | |
|---|---|
| STANLEY M. ANDERSON, *et al.*, * | |
| * | |
| Plaintiffs, * | |
| * | RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; Federal Insurance Contributions Act ("FICA"); Tax Refund Claim; Statute of Limitations; I.R.C. § 6511; *Pro Se*. |
| v. * | |
| * | |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |
*****************************************

*William A. Duzet*, Elgin, IL; *Robert S. Grammer*, Larkspur, CA; *William E. Legg*, Gettysburg, PA; *Glenn R. Lyons*, Henderson, NV; *Barbara Munyon (on behalf of David L. Munyon)*, Henderson, NV; *Robert D. Tokle*, Reno, NV, each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

      William A. Duzet, Robert S. Grammer, Wilson E. Legg, Glenn R. Lyons, Barbara Munyon (on behalf of David L. Munyon), and Robert D. Tokle are six retired United Airlines pilots seeking a refund of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their respective retirements. On October 19, 2022, the government moved to dismiss their respective claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Def.'s Mot. to Dismiss [ECF 42]. In its motion, the government explained that, on review of the available evidence, it appears that each of these plaintiffs retired in 2002, not in 2003 like the other plaintiffs in this case. *Id*. at 1 n.1. Therefore, the government filed a separate motion to dismiss the individual complaints of these six plaintiffs.[2] Each of the plaintiffs, except for Robert S. Grammar, joined a response in

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-333.

[2] The government filed a motion to dismiss the complaints of the other plaintiffs in this case, each of whom retired in 2003, on the same day as the government filed its motion to dismiss the complaints of the instant plaintiffs. *See* Def.'s Mot. to Dismiss 2003 Pls. [ECF 43].

opposition to the government's motion to dismiss and adopted the same arguments advanced by the plaintiffs who retired in 2003.³ 2003 Pls.'s Resp. to Def.'s Mot. to Dismiss [ECF 46]. The government filed a reply in support of its motion to dismiss addressing the arguments raised by the five plaintiffs who joined the response, [ECF 47], and a separate reply in support of its motion to dismiss addressing Robert S. Grammer, who did not join the response in opposition, [ECF 48]. With respect to Mr. Grammer, the government requests that the Court treat its motion to dismiss his complaint as unopposed considering his non-responsiveness. [ECF 48] at 1. The government's motion to dismiss is fully briefed, and the Court has determined that oral argument is not necessary.

On June 2, 2023, the Court issued a Memorandum Opinion and Order dismissing the complaints of the United Airlines pilots who retired in 2002. *See Adams, et. al v. United States*, 09-33305, 2023 WL 3792547 (Fed. Cl. June 2, 2023). Because the evidence shows that each of the six plaintiffs retired in 2002, like the plaintiffs in *Adams*, the Court concludes that it lacks subject matter jurisdiction over their respective claims for the same reasons set forth in *Adams*.⁴

William A. Duzet retired from United Airlines on November 1, 2002. More Definite Statement for Willian A. Duzet [ECF 16-1] at 2. At the time of his retirement, Mr. Duzet's non-qualified deferred compensation benefits were estimated to be valued at $612,843.92 with a FICA tax assessment of $8,886.24. *Id*. at 3. Due to the United Airlines bankruptcy, he received only $195,727.74 of the benefits. *Id*. a 2. Mr. Duzet filed a refund claim of $6,055.63 with the IRS for the Hospital Insurance ("HI") portion of the FICA tax. *Id*. at 1. His refund claim was dated December 3, 2007, and postmarked for mailing to the IRS on January 25, 2008. *Id*. at 1, 13.

Robert S. Grammer retired from United Airlines on June 1, 2002. More Definite Statement for Robert S. Grammar [ECF 29-1] at 2. At the time of his retirement, Mr. Grammer's non-qualified deferred compensation benefits were estimated to be valued at $771,357.96 with a FICA tax assessment of $11,148.69. *Id*. at 4. Due to the United Airlines bankruptcy, he received only $248,847.14 of the benefits. *Id*. at 4. Mr. Grammer filed a refund claim of $7,576.41 with the IRS for the HI portion of the FICA tax. *Id*. at 1. His refund claim was dated April 2, 2007, and stamped received by the IRS on April 13, 2007. *Id*.

Wilson E. Legg retired from United Airlines on November 1, 2002. *See* More Definite Statement for Wilson E. Legg [ECF 41-3] at 2. At the time of his retirement, Mr. Legg's non-qualified deferred compensation benefits were estimated to be valued at $907,212.15 with a FICA tax assessment of $13,154.58. *Id*. Due to the United Airlines bankruptcy, he received only

---

³ While the signature of Barbara Munyon (on behalf of David L. Munyon) was not included in the plaintiffs' response in opposition to the government's motion to dismiss filed on December 20, 2022, Ms. Munson later filed a motion to correct the response by including her signature [ECF 49], which the Court granted. [ECF 50]. The Court will consider Barbara Munyon (on behalf of David L. Munyon) to have joined the plaintiffs' response and made the same arguments in response to the government's motion to dismiss.

⁴ The 2002 Plaintiffs in *Adams* raise the same arguments in opposition to the government's motion to dismiss as the six 2002 plaintiffs raise in this case. *See* [ECF 46] at 1; [ECF 49]; 2002 Pls.'s Resp. to Def.'s Mot to Dismiss, *Adams, et al. v. United States*, No. 09-33305 [ECF 54] at 1.

$290,970.77 of the benefits. *Id*. Mr. Legg purportedly filed a refund claim of $8,935 with the IRS for the HI portion of the FICA tax. [ECF 41-6] at 2. His refund claim was dated December 21, 2007. [ECF 41-3] at 2.

Glenn R. Lyons retired from United Airlines in 2002. *See* More Definite Statement of Glenn R. Lyons [ECF 24-1] at 1. At the time of his retirement, Mr. Lyons' non-qualified deferred compensation benefits were estimated to be valued at $834,005 with a FICA tax assessment of $12,093. *Id*. at 2. Due to the United Airlines bankruptcy, he received only $242,621 of the benefits. *Id*. at 6. Mr. Lyons filed a refund claim of $8,575 with the IRS for the HI portion of the FICA tax. *Id*. at 1. His refund claim was dated May 1, 2007, and postmarked for mailing to the IRS on May 4, 2007. *Id*. at 1, 12.

David Munyon retired from United Airlines on May 1, 2002. *See* More Definite Statement of David Munyon [ECF 34-2] at 3. At the time of his retirement, Mr. Munyon's non-qualified deferred compensation benefits were estimated to be valued at $733,229.01 with a FICA tax assessment of $10,631.82. [ECF 34-1] at 5. Due to the United Airlines bankruptcy, he did not receive all his benefits. *Id*. at 12. Mr. Munyon filed a refund claim of $10,115.97 with the IRS for the HI portion of the FICA tax. *Id*. at 1. His refund claim was dated September 27, 2007, and postmarked for mailing to the IRS on October 2, 2007. *Id*. at 2, 13.

Robert D. Tokle retired from United Airlines on December 31, 2002. *See* More Definite Statement of Robert D. Tokle [ECF 27-1] at 11. At the time of his retirement, Mr. Tokle's non-qualified deferred compensation benefits were estimated to be valued at $868,673.06 with a FICA tax assessment of $14,325.73. *Id*. at 5. Due to the United Airlines bankruptcy, he received only $274,699.97 of the benefits. *Id*. at 4. Mr. Tokle filed a refund claim of $10,342.53 with the IRS for the HI portion of the FICA tax. *Id*. at 1. His refund claim was dated November 30, 2007, and postmarked for mailing to the IRS on the same date. *Id.* at 1, 32.

As explained in *Adams*, this Court possesses jurisdiction over claims for tax refunds provided the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must timely file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under I.R.C. § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a).

Thus, as detailed in *Adams*, the United Airlines pilots who retired in 2002 were required by I.R.C. § 6511 to file their refund claims with the IRS by April 15, 2006—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See Adams*, 2023 WL 3792547, at *11. The earliest date on which any of the six 2002 plaintiffs in this case filed a refund claim was April 13, 2007—the date on which Mr. Grammer's refund claim was stamped received by the IRS. [ECF 29-1] at 1.

- 4 -

Because none of the 2002 plaintiffs in this case timely filed their respective tax refund claim as required by § 6511, the Court lacks jurisdiction to consider any of their tax refund suits, and their complaints must be dismissed.[5]

      Accordingly, the government's motion to dismiss [ECF 42] is **GRANTED**. The complaints of William A. Duzet, Robert S. Grammer, Wilson E. Legg, Glenn R. Lyons, Barbara Munyon (on behalf of David L. Munyon), and Robert D. Tokle are **DISMISSED**. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

      **IT IS SO ORDERED.**

                                                        s/ Thompson M. Dietz
                                                        THOMPSON M. DIETZ, Judge

---

[5] With respect to the "additional arguments" raised by the 2003 Plaintiffs in opposition to the government's motion to dismiss, *see* [ECF 46] at 1, the Court rejected these arguments in a Memorandum Opinion and Order dismissing the complaints of the 2003 Plaintiffs filed on the same day as this Memorandum Opinion and Order. *See* [ECF 51] at 14 n.21.